UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 22-22426-CIV-MARTINEZ**

HOWARD MICHAEL CAPLAN,

     Plaintiff,

v.

RAYBAR, INC. d/b/a GITMO
AMERICAN and GITMO AMERICAN III,

     Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before this Court on Defendant Gitmo American III's Motion for Summary Judgment (the "Motion"), (ECF No. 22).[1] This Court has reviewed the record, applicable portions of the record, and applicable law. Accordingly, after careful consideration, the Motion is **DENIED WITHOUT PREJUDICE** as premature for the reasons set forth herein.

Plaintiff brings this action seeking injunctive relief against Defendants Raybar, Inc. ("Raybar"), and Gitmo American III ("Gitmo"), as proprietors of a place of public accommodation and services, for Defendants' alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 (the "ADA"). (*See generally* Compl.) Plaintiff alleges that he has a "qualified disability" under the ADA and that he personally visited Defendants' place of public accommodation, an automotive transmission repair shop located at 2200 NW 103rd St., Miami, FL 33147 (the "Subject Property"), to inquire about Defendants' services. (*See id.* ¶¶ 10–11.) Plaintiff alleges that he was unable to visit the Subject Property because Defendants failed to make reasonable modifications in policies, practices, or procedures and remove architectural barriers to accommodate Plaintiff and others who are similarly situated to Plaintiff. (*Id.*)

---

[1] This Court notes that the Motion was filed as two docket entries: a cover page with two bullet points that read "[t]here is no genuine issue as to any material fact, and Gitmo is entitled to entry of judgment as a matter of law" and "[a] statement of facts and argument in support of the [M]otion are set forth in an accompanying memorandum of law[,]" (ECF No. 21), and a memorandum of law, (ECF No. 22). For the sake of this Order, this Court addresses the cover page and memorandum of law as one motion and will discuss only docket entry 22 for ease of reference.

Gitmo owns the Subject Property. (Def.'s Statement Material Facts ("Def.'s SMF") ¶ 4, ECF No. 20.) Raybar operated the automotive transmission repair shop on the Subject Property. (*Id.* ¶ 5.) Gitmo is a Florida limited liability company with three members, Barbara Lopez, Ramon L. Hernandez, and Peter A. Hernandez. (*Id.* ¶ 3.) Raybar had one shareholder, Ray R. Hernandez, who passed away on June 27, 2022. (*Id.* ¶ 9.) Gitmo states that Mr. Hernandez was "gravely ill during 2021 and 2022[,]" (*id.* ¶ 7), and the "transmission repair business often was closed during his illness[,]" (*id.* ¶ 8). There is no dispute that Mr. Hernandez was the only licensed transmission mechanic employed by the transmission repair business. (*Id.* ¶ 6.)

Gitmo argues that the transmission repair business is permanently closed, (*id.* ¶ 12), and that "[t]he members of Gitmo plan only personal use for [the Subject Property, so] no public accommodation exists on [the Subject Property,]" (*id.* ¶ 18). Because of its permanent closure, Gitmo argues, Plaintiff has no standing to bring this action. (Mot. 6–10, ECF No. 22.) In response, Plaintiff challenges Gitmo's assertion that Gitmo and Raybar's business is permanently closed and will not reopen. (*See* Resp. 6–7, ECF No. 31.) In doing so, Plaintiff notes that "[d]iscovery is required to shed light on whether the business is operational and/or is temporarily closed and will reopen." (*Id.* at 7.) Plaintiff further avers that numerous disputed facts and issue preclude summary judgment on the record before this Court, even before the Parties exchange discovery. (*Id.* 5–7.) For instance, Plaintiff presents evidence that Defendants maintain a business tax account for 2023. (*See* ECF No. 28-2.) The same business tax account references Raybar's motor vehicle repair license number: MV05592. (*Id.*)

In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988). Under Rule 56(b), a summary-judgment motion can be filed "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). There is no "blanket prohibition on the granting of summary judgment motions before discovery" has occurred. *Est. of Todashev by Shibly v. United States*, 815 F. App'x 446, 450 (11th Cir. 2020) (citing *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). But "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Med-X-Global, LLC v. SunMed Int'l, LLC*, No. 19-20722-Civ, 2022 WL 294056, at *3 (Feb. 1, 2022) (denying premature summary

judgment without prejudice because discovery had not been exchanged); *Arch Ins. v. VAS Aero Servs., LLC*, No. 16-80749, 2017 WL 7731224, at *1 (S.D. Fla. Mar. 13, 2017) (same).

Here, this Court finds that the Motion, (ECF No. 22), is premature. Plaintiff "has alleged a reasonable basis from which to infer that a genuine issue of material fact that would defeat summary judgment could be the result of additional discovery." *See Arch Ins.*, 2017 WL 7731224, at *1. While Gitmo timely filed the Motion, *see* Fed. R. Civ. P. 56(b), it was originally[2] brought on the same day that Gitmo filed its Answer to the Complaint, (ECF No. 10), before any discovery could be had. It is simply too early in this litigation to permit this Court to resolve the claims before it on summary judgment. Of course, an early "grant of summary judgment may well be a means to avoid protracted, unnecessary litigation, it is not a means of short-cutting the robust discovery regime established and enforced by the Federal Rules of Civil Procedure." *Arch Ins.*, 2017 WL 7731224, at *1. To be sure, if Defendants will very likely prevail on summary judgment should discovery reveal that Defendants' business operations at the Subject Property have ceased because Plaintiff could not show that he would revisit the Subject Property. *See, e.g.*, *Kennedy v. Beachside Com. Props., LLC*, 732 F. App'x 817, 821 (11th Cir. 2018) (affirming district court's finding that plaintiff lacked standing to bring ADA claim because, *inter alia*, defendant's business had closed since plaintiff filed suit). But, at this stage of the litigation—without the Parties having received the benefit of exchanging discovery—this Court finds that the Motion must be denied without prejudice as premature. *See Med-X-Global*, 2022 WL 294056, at *3; *Arch Ins.*, 2017 WL 7731224, at 1.

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1.      The Motion, (ECF No. 22), is **DENIED WITHOUT PREJUDICE** as premature.

2.      Defendant Gitmo American III will be permitted to submit a renewed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and applicable Local Rules at the close of discovery.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of September, 2023.

Copies provided to:
All Counsel of Record

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[2]      This Court struck Gitmo's original Motion for Summary Judgment, (ECF No. 17; ECF No. 18), because it failed to comply with Southern District of Florida Local Rule 56.1(a)(1). (ECF No. 19.)